IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MULTI MEDIA, LLC. a California Limited Liability Corporation,  Plaintiff, v. MATTHEW COOK,  Defendant. | NO. 16 C 6571  Judge John Blakey  Magistrate Susan Cox |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENAS PRIOR TO A RULE 26(f) CONFERENCE**

Plaintiff files this Memorandum in support of its Motion for Leave to Serve Third-Party Subpoenas prior to a Rule 26(f) conference.

**ARGUMENT**

Pursuant to Fed. R. Civ. P. 26(d)(1), except for circumstances not applicable here, absent a court order, a party may not propound discovery in advance of a Rule 26(f) conference. Rule 26(d)(1) provides courts with the authority to issue such an order "[f]or good cause," and for "discovery of any matter relevant to the subject matter involved in the action." District courts have broad discretion in managing the discovery process. *See James v. Hyatt Regency Chicago,* 707 F.3d 775, 784 (7th Cir. 2013). Courts "evaluate a motion for expedited discovery 'on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.'" *Ibarra v. City of Chicago*, 816 F. Supp. 2d 541, 554 (N.D. Ill. 2011) (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 624 (N.D. Ill. 2000)).

Courts in the Seventh Circuit require only a showing of good cause before early discovery will be allowed. *See, e.g., Dallas Buyers Club, LLC, v. Does 1-28*, No. 14-4927, at * 3

(N.D. Ill. Jul. 22, 2014) ("Rule 26 does not set forth a standard for doing so, but courts in this circuit have generally granted [early discovery] motions on a showing of 'good cause.'"); *see also Hard Drive Prods., Inc. v. Doe,* 283 F.R.D. 409, 410 (N.D. Ill. 2012); *and AF Holdings, LLC v. Doe*, No. 12-1398, 2012 WL 5928532, at *1 (C.D. Ill. Nov. 26, 2012). Good cause exists when "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Hard Drive Prods., Inc. v. Doe,* 283 F.R.D. 409, 410 (N.D. Ill. 2012) (quotation omitted). Such is the case here, as Plaintiff cannot serve Defendant and pursue relief for its claims without issuing a subpoena to Defendant's ISPs. See, e.g., *Malibu Media, LLC v. Doe,* No. 13-8484, at * 7 (N.D. Ill. Mar. 22, 2014) where the Court noted that in the absence of early discovery, plaintiff would be prevented from seeking any remedy, but allowing early discovery still provides defendant with a full opportunity to deny liability and to raise any other defenses at the appropriate time.

Plaintiff has properly alleged claims against Defendant for his ongoing fraudulent activity, involving the use of stolen credit cards to make purchases on Plaintiff's website. (Doc. No. 1.) Plaintiff has diligently attempted to locate Defendant for service, but has been unsuccessful. *See* Fischer Affidavit at ¶¶ 13-15. Without some information on Defendant's location, Plaintiff will be unable to pursue relief or its claims against Defendant. Defendant's ISPs have such information and can readily provide it to Plaintiff.

WHEREFORE, Plaintiff respectfully requests, pursuant to Fed. R. Civ. P. 26(d), leave of this Court to conduct limited early discovery by serving subpoenas upon Comcast and T-Mobile, as well as any related intermediary customer identified by Comcast or T-Mobile, seeking information on the location where Defendant may be served. Any such subpoenas will demand the names, current addresses, telephone numbers, email addresses, and billing information of

Defendant or any party assisting Defendant by providing use of an Internet connection.  Plaintiff shall only use this information to prosecute the claims made in its Complaint.

                                              Respectfully submitted,

                                              S/ Wayne B. Giampietro
                                              Attorney for Plaintiff

Of Counsel
Poltrock & Giampietro
123 W. Madison St,, Suite 1300
Chicago, IL 60602
312-236-0606; Facsimile: 312-236-9264
wgiampietro@giampietrolaw.com
Attorney ID:  0947776