IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MULTI MEDIA, LLC | ) | |
| a California Limited Liability Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 16 C 6571 |
| vs. | ) | |
| | ) | |
| MATTHEW COOK, | ) | Judge John Blakey |
| | ) | Magistrate Judge Susan Cox |
| Defendant. | ) | |

**MOTION OF PLAINTIFF FOR LEAVE TO FILE ITS SUPPLEMENTAL BRIEF
REGARDING JURISDICTION UNDER SEAL**

NOW COMES Plaintiff, MULTI MEDIA, LLC, by its attorney, Wayne B. Giampietro,

and moves the Court for Leave to file its Supplemental Brief Regarding Jurisdiction, under seal,

and in support thereof represents unto the Court as follows:

1.      On August 31,  2016, this Court entered an Order directing Plaintiff to file a

supplemental brief identifying the name and domicile(s) of each and every one of the

members of Plaintiff.

2.      Pursuant to the direction of the Court, Plaintiff has prepared a Brief disclosing the names

and domicile of each of the members of Plaintiff LLC, which it is prepared to file

instanter.

3.      Plaintiff corporation operate a web site entitled chaturbate.com, which contains sexually

explicit materials, posted by individuals, many of whom seek to obtain income from the

materials posted on that web site.

4.      As is set forth in the affidavit of Jason A. Fischer, which is attached hereto, disclosing the

names and domiciles of the individual members of Plaintiff LLC is likely to subject those

1

individual members of Plaintiff LLC to a large amount of unwanted personal contac6t, the avoidance of which is one of the main reasons that those individuals have decided to conduct the web site through the corporate form of an LLC.

5.    Plaintiff is a Manager operated LLC.  As a result, under California law, none of the individual members of the Plaintiff are agents of the corporation, and are not able to bind the corporation by their acts.  California Corporations Code Section 17703.01.

6.    While the public has an interest in access to documents in all Court proceedings, that right is not without limitation.

7.    The information requested by the Court is certainly necessary to determine the issue of jurisdiction in this case, but has no bearing on the merits of this case.

8.    Information which is akin to discovery materials is normally not made a part of the Court record, and not normally available to the public.  *Grove Fresh Distributors, Inc. V. Everfresh Juice Co.,* 24 F. 3d 893, 898 (7th Cir. 1994).

9.    The general right of the public of access to court proceedings is rebuttable when it is demonstrated that suppression of the information is necessary to preserve "higher values" and when the suppression is narrowly tailored to serve those interests.  *In re Associated Press v. Ladd,* 162 F.3d 503, 506 (7th Cir.  1998).

10.   As passive owners of Plaintiff, who are not involved in the management of the LLC, they have an interest in maintaining their interest in Plaintiff LLC confidential,   *Sahlein v. Caliber Home Loans, Inc.,* No. 2:15-cv-109-SA-JMV (N.D. Miss. 2016).  A copy of that Court's opinion is attached hereto.

11.   Plaintiff is prepared to disclose the information regarding its ownership to any specific individual who presents legitimate reasons to access to that information, which Plaintiff

2

believes serves to maintain the narrow tailoring of an order allowing this information to

be filed under seal.

WHEREFORE, Plaintiff prays that the Court enter an Order allowing Plaintiff to file its

Supplemental Brief Regarding Jurisdiction under seal.


          s/ Wayne B. Giampietro
          Attorney for Plaintiff

Of Counsel
Poltrock & Giampietro
123 W. Madison St. #1300
Chicago, IL 60602
312-236-0606; Fax: 312-236-9264
Email: wgiampietro@giampietrolaw.com
ARDC No. 0947776

3